UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SADIE ELISE CORNETT, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-101-CCB-JEM |
| ALLEN COUNTY JAIL, | |
| Defendant. | |

## OPINION AND ORDER

Sadie Elise Cornett, a prisoner without a lawyer, filed a complaint against the Allen County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Cornett alleges that, on January 30, 2025, when she was housed at the Allen County Jail, an inmate attacked her. ECF 1 at 2. Cornett explains that, at about 6:15 p.m. that day, after she had taken a shower and was walking back to cell 2518, an inmate in cell 2519 popped open the lock, exited the cell, and started fighting with her. *Id*. She asserts there were no guards to break up the fight and she was forced to defend herself. *Id*. As a result, Cornett sustained bruises and injuries to her arms, chest, hands, left eye,

and legs, which caused her to have difficulty breathing, eating, and sleeping. *Id*. at 2-3. Cornett asserts the inmate was able to attack her because Officer Chloe Trausch did not do a proper security check of the door lock on cell 2519. *Id*. at 2.

Because Cornett alleges the events in this case happened after she was convicted and serving her sentence at the Allen County Jail, an Eighth Amendment analysis is appropriate for screening her complaint. *See* ECF 1 at 4. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercising poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554 (7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

In this case, Cornett has sued the Allen County Jail. However, the jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the Allen County Jail is not a suable entity, Cornett may not proceed here.

Following the attack, Cornett asserts she requested medical care, but jail staff denied her requests and would not allow her to see a doctor. ECF 1 at 3. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) her medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Cornett has not stated a claim here because, as discussed, she may not proceed against the Allen County Jail.

This complaint does not state a claim for which relief can be granted. If Cornett believes she can state a claim based on (and consistent with) the events described in this

complaint, she may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, she needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from her law library. She needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after she properly completes the form.

For these reasons, the court:

(1) **GRANTS** Sadie Elise Cornett until **November 21, 2025**, to file an amended complaint; and

(2) **CAUTIONS** Sadie Elise Cornett that, if she does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on October 23, 2025.

    /s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4